(No. 1527— )

WILLIAM WRIGLEY, JR., Co., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion dismissing claim filed September 14, 1932.*
*Opinion on motion to vacate order of dismissal filed March 6, 1933.*

PAUL O'DONNELL, for claimant.

OSCAR E. CARLSTROM, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

*Per Curiam:*

Now comes the respondent, by Oscar E. Carlstrom, its Attorney General, and duly moves the court for dismissal, pursuant to an order to show cause entered by this court on the 12th day of January, 1932, wherein the claimant was ordered to show cause on or before September 13, 1932, why the above entitled case should not be dismissed for want of prosecution. And it appearing to the court that sufficient cause has not been shown by claimant, in accordance with the requirement of said order;

It is therefore ordered, adjudged and decreed, that said claim be and is hereby dismissed without award for want of prosecution.

On motion to vacate order of dismissal the following opinion was rendered:

Mr. JUSTICE THOMAS delivered the opinion of the court:

On July 18, 1929, claimant filed its declaration asking for an award of $85,606.26 for initial fees and franchise taxes which it alleges were paid by it in excess of the amount legally due. The award is asked on the grounds that the law under which the taxes were paid was unconstitutional. On August

1, 1930, the Attorney General filed a demurrer to the declaration. No steps had been taken in the case by claimant up to the time the demurrer was filed although it had been on the docket for over a year then. At the January, 1932 session of the court the Attorney General filed a motion for a rule on claimant, to show cause why the claim should not be dismissed for want of prosecution. This motion was allowed on January 12, 1932, and claimant was given until March 8, 1932, to answer the rule. On March 8, 1932, an order was entered giving claimant till the 13th day of September, 1932 to answer the rule. Claimant having failed to comply with the order, on motion of the Attorney General, the claim was dismissed September 12, 1932. On December 2, 1932, claimant filed its motion to vacate the order dismissing the cause and to redocket the case.

Claimant has shown no reason why its motion should be granted. When claims are filed in this court it is the duty of the claimants to prosecute them with reasonable diligence. After the demurrer was filed claimant failed to call the case up for argument on the demurrer but allowed it to rest without any steps being taken by it to have the demurrer disposed of until the January term, 1932. At that term it was given till the March term to show cause why it should not be dismissed, and the time was then extended till the following September term. Claimant made no effort to answer this motion in any way, although given eight months to do so. Under this state of facts claimant is in no position to complain at the dismissal of its case. No excuse has been given by claimant for its failure to comply with the orders to show cause why the claim should not be dismissed, and no reason has been offered for redocketing it, except that the demurrer was still undisposed of. Claimant had eight months after the order to show cause was entered to call up the demurrer but failed to do so, and has assigned no reason for such failure.

While not required to do so under this motion we will say that we have examined claimant's declaration and have arrived at the conclusion that it does not state such facts as warrant an award in favor of claimant. Claimant alleges the taxes were collected under the provisions of an unconstitutional statute. That fact does not entitle claimant to have

them refunded. For a full discussion of the legal questions involved see the following cases: *Sta-rite Hair Pin Company* vs. *State,* 6 Ct. Cl. 436; *Oakford & Fahnestock* vs. *State,* 6 Ct. Cl. 439; *Western Electric Company et al* vs. *State,* 6 Ct. Cl. 414; *Commercials Solvents Corporation* vs. *State,* 6 Ct. Cl. 442; *S. Oppenheimer & Co.* vs. *State,* 6 Ct. Cl. 465;

The motion to vacate the order dismissing the cause and to re-docket the case is denied.